**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHELLE STENCLIK,**<br>*on behalf of herself and all other employees similarly situated,*<br><br>*Plaintiffs*,<br><br>v.<br><br>**JP MORGAN CHASE & CO.; and THE CHASE MANHATTEN BANK**<br><br>*Defendants.* | **ATTORNEY AFFIRMATION IN SUPPORT OF PLAINTIFFS' MOTION FOR DETERMINATION OF CLASS ISSUES PURSUANT TO F.R.C.P. 23**<br><br>**Civil Action**<br>**No. 06-CV-6237MAT** |

**STANLEY J. MATUSZ**, **ESQ.**, pursuant to 28 U.S.C. Section 1728, states under penalty of perjury:

1. I am the attorney of record for Plaintiffs in the above-referenced matter, and I submit this Affirmation in support of Plaintiffs' Motion for Determination of Class Issues Pursuant to Fed. R. Civ. P. 23.

2. Plaintiffs allege that JP Morgan had a policy of not paying statutory overtime to employees performing inside sales duties (including "personal bankers," "consumer bankers," "relationship representatives," "relationship managers" and other similar titles) who worked in excess of forty (40) hours per week. JP Morgan's policy violates statutes requiring the payment of overtime. (Complaint ¶ 13).

3.      This motion is addressed to the issue of certifying the state causes of action as a

"class action" under F.R.C.P. 23.  This motion is not directed at sending our

notice required for "opting-in" to an FLSA collective action.  That issue will be

addressed in a separately filed motion.

4.      Based on public information regarding JP Morgan, a conservative estimate is that

they have in excess of 1,100 bank branches nationwide, and employ between one

(1) and four (4) persons per branch in the job function at issue in this case.  Since

the statute of limitation in this case is three (3) years, and longer in certain states

such as New York, a very conservative estimate of the class size is 3,000 current

and former employees.  Given the size of this class, there is no question that

joinder would be impossible, frustrate the interests of judicial economy, and make

resolution of this dispute unnecessarily expensive and time-consuming for the

parties.

5.      In this case, common issues of fact and law abound concerning the class

members' claims.  At this stage, Plaintiffs can verify that JP Morgan had explicit

policies preventing the payment of overtime to employees responsible for the sale

of banking and financial services to its customers when they worked over forty

(40) per week.

6.      JP Morgan's policy was carried out in two ways.  First, and prior to late 2004, JP

Morgan wrongfully classified the above-mentioned job functions as "exempt" as

a means of not paying statutory overtime to those employees.  In an attempt to

avoid legal liability for its misclassification, Morgan announced that all persons

having those responsibilities would now be paid on an "hourly" basis.  However,

and despite the fact that Named Plaintiff and the class members were ostensibly

entitled to overtime pay for hours worked over forty (40) after this change, JP

Morgan continued its policy of ensuring that statutorily required overtime was not paid after this reclassification for all hours the employees worked over forty (40).

7.   The Named Plaintiff in this matter will adequately represent the interests of the other class members.  There are no preexisting conflicts of interest among the class members that might call into question the adequacy of the named plaintiff's representation.  Further, the similarity of the class members' claims should ensure that a conflict of interest does not arise.  Neither the Named Plaintiff nor Class Counsel is aware of any other pending actions in any court alleging the same or similar causes of action.

8.   The undersigned attorney of record is qualified and able to litigate the class members' claims.  The undersigned has concentrated his practice exclusively in employment law and litigation, and has done so for ten (10) years.  He has broad experience and considerable expertise in conducting class action litigation of employment claims, generally, and in particular class actions involving class and collective actions under the FLSA and state wage and hour laws.  Co-counsel is similarly qualified, and has a national reputation in the prosecution of wage and hour class action matters.

9.   Based on the facts above, the Affidavits of Michelle Stenclik, dated July 20, 2006, the Affidavit of Suzanne Xander, dated July 20, 2006, and for the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Determination of Class Issues Pursuant Fed. R. Civ. P. 23, Plaintiffs respectfully request that this Court issue an Order: (a) certifying a Rule 23 class certifying a class that includes all individuals who are or were employed by JP Morgan or its subsidiaries or divisions since May 12, 2003, at any location, or since May 12, 2000 at any location in New York State, who performed inside

sales of banking services, including those who held the specific title of "personal banker," "consumer banker," "relationship representative," "relationship manger," and other titles with similar duties; (b) requiring the issuance of an expedited notice to all current and former employees of the defendants who defense counsel, as an officer of this Court, has determined arguably fall within the above definition; (c) requiring the provision to plaintiffs' counsel of a list both electronically (in an Excel spreadsheet with each item of the employee's name and address designated as a separate field) and by hard copy, of all individuals who meet the above class descriptions, including their current or last known address, phone number and e-mail address within 15 days of the issuance of the order; and (d) for such other relief as this Court deems just and proper.

/s/Stanley J. Matusz

Dated: July 20, 2006
Rochester, New York